UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MERCH TRAFFIC, LLC,

    Plaintiff,

v.

VARIOUS JOHN DOES, VARIOUS JANE DOES, and ABC COMPANY,

    Defendants.

Case No. 4:23-cv-1349

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND LANHAM ACT VIOLATIONS**

Plaintiff Merch Traffic, LLC, by its attorneys, files this complaint against defendants, alleging as follows:

**Jurisdiction and Venue**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**Parties**

2. Plaintiff Merch Traffic, LLC ("Plaintiff") is a Delaware corporation with its principal place of business in Los Angeles, California.

3. Defendants Various John Does, Various Jane Does and ABC Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

1

4. Upon information and belief, the individual defendants and ABC Company through its agents, servants and employees, will be present in and about the Eastern District of Missouri, Eastern Division in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants Various John Does, Various Jane Does, and ABC Company are hereinafter referred to collectively as "Defendants."

## The Background of the Action

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The group known as "**METALLICA**" (the "Group") is the trademark used by this musical group in connection with the group's performing, recording, and merchandising and related goods in all aspects of the entertainment industry and to distinguish the Group's services from all other performers. The Group has used their trademark in connection with their services and goods for over 40 years.

8. The Group has obtained for their **METALLICA** trademark several US Federal Trademark Registrations, many incontestable, including: for **METALLICA** Registration No. 1819042 for use with International Class ("IC") 025 clothing; Registration No. 2504291 for use with IC 025 clothing; Registration No. 2804625 for use with IC 014 jewelry; Registration No.

1842920 for use with IC 016 paper products; Registration No. 2260705 for use with IC 018 backpacks, etc.; Registration No. 3823734 for use with  IC 021 barware, etc.; Registration No. 3741986 for use with IC 026 pins and patches, etc.; Registration No. 2841402 for use with IC 028 action figures and accessories; Registration No, 4859494  for use with IC 028 games, etc.; and for designs:

  Registration No. 2213592 for use with IC 025 clothing;

  Registration No. 327565 for use with IC 025 clothing; Registration No. 3275658 (same design) for use with IC 016, paper products;

  Registration No 2198824for use with IC 016, paper products;

  Registrations No. 4035349 for use in with IC 025 clothing, namely, sweatshirts; and Registrations No. 4049610 for use with IC 014 jewelry; and

  Registration No. 2231065 for use with IC 025 clothing.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all of the Group's Trademarks on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale at and in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by,

3

among other things, prominently displaying the Group's Trademarks on merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Group's Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On Friday, November 3, 2023, and Sunday, November 5, 2023, at The Dome at America's Center, in St Louis, Missouri, the Group will perform (the "Concerts"). Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States before, during and after all concerts on the Tour.

### DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") at and in the vicinity of the Concerts, before, during and after the performance, and at subsequent concerts during the Tour. The tour has begun and so have Defendants' infringing activities.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants'

4

Infringing Merchandise is not authorized by the Group or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of the Group's public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures the Group and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing federally registered trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants of the Group's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

/ / /

## First Claim for Relief
### (Infringement of Registered Trademark)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## Second Claim for Relief
### (Violation of the Lanham Act)

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## Prayer for Relief

WHEREFORE, plaintiff, Merch Traffic, LLC, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's order.

B.   As to All Claims For Relief, that the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision be permitted to seize all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the places at which the Group is performing, whether this occurs before, during or after the performances on the Tour.

C.   That Defendants deliver up for destruction the Infringing Merchandise.

D.   As to All Claims For Relief, that Defendants pay Plaintiff damages in an amount to be determined.

E.   As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: October 26, 2023                    Respectfully submitted,

                                           POLSINELLI PC

                                           By: */s/ Britton St. Onge*
                                           BRITTON L. ST. ONGE (MO #62256MO)
                                           100 S. Fourth St., Suite 1000
                                           St. Louis, MO 63102
                                           T: (314) 889-8000
                                           F: (314) 231-1776
                                           bstonge@polsinelli.com

                                           MIMS, KAPLAN, BURNS & GARRETSON
                                           Cara R. Burns (#137557CA)(PHV to be requested)
                                           28202 Cabot Road, Ste 300
                                           Laguna Niguel, California 92677
                                           T: (310) 314-1721
                                           F: (949) 340-9737
                                           cburns@hmkblawyers.com

                                           *Attorneys for Plaintiff*
                                           *Merch Traffic, LLC*